UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TERRANCE D. IVORY** | * | **CIVIL ACTION NO. 15-2022** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **M. L. SMITH, JR. L.L.C.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for partial dismissal for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6) [doc. # 6], filed by Defendant M. L. Smith, Jr. LLC, ("M. L. Smith"). The motion is opposed. For reasons explained below, it is recommended that the motion be **GRANTED**.

## Background

On June 19, 2015, Terrance Ivory filed the instant complaint against M. L. Smith in the Third Judicial District Court for the Parish of Lincoln, State of Louisiana. (Compl. [doc. # 1-2]). Plaintiff alleges that in June 2012, he was attending courses at Louisiana Delta Community College, where he studied welding technology. *Id*., ¶ 2. Plaintiff was informed by one of his welding instructors that M. L. Smith was in need of welders. *Id*. Plaintiff visited M. L. Smith's Ruston, Louisiana location to apply for a full time position as a welder and was interviewed by Donald Shambro, a member of Defendant's management staff. *Id*., ¶ 2-3. During the interview, Plaintiff was told by Shambro that if he passed the welder's examination, he would be hired by the Defendant. *Id*., ¶ 4.

Plaintiff passed the welder's examination; however, he was not offered a job as a welder. *Id.*, ¶ 5. In August 2012, Defendant again contacted one of Plaintiff's welding instructors about a need for full time welders and Plaintiff again visited Defendant's Ruston, Louisiana location to apply. *Id.*, ¶ 7-8. Plaintiff passed another welder's examination and was not offered a job. *Id.*, ¶ 10. On February 2013, Defendant contacted one of Plaintiff's welding instructors yet again about Defendant's need for full-time welders. *Id.*, ¶ 11. Plaintiff for the third time applied for a position with Defendant and passed a welder's examination. *Id.*, ¶ 12-13. After passing this particular welder's examination, Plaintiff was offered a job as a welder at a pay rate of $20.00/hr. *Id.*, ¶ 14. According to Plaintiff, Defendant promised him full-time employment. *Id.* Plaintiff subsequently resigned from Louisiana Delta Community College to completely dedicate himself to the job. *Id.*

On or about March, 2013, Defendant dispatched Plaintiff to a job site in Lake Charles, Louisiana, where Plaintiff was the sole African American welder at the facility. *Id.*, ¶ 15. After the job was completed a week later, all other welders on the job were told to report to Defendant's job site in Tennessee. *Id.*, ¶ 16. Shambro told Plaintiff not to report to the Tennessee job and that he would be contacted when other work became available. *Id.* After the Lake Charles job, Plaintiff did not hear from Shambro and began repeatedly contacting Defendant's office from May 2013 to September 2013. *Id.*, ¶ 17. On or about September 2013, Plaintiff learned from another M. L. Smith employee that Defendant had hired multiple Caucasian welders and provided those welders with an opportunity to work. *Id.*, ¶ 19.

On March 17, 2014, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Commission, alleging racial discrimination. *Id.*, ¶ 23. Plaintiff received a written Notice of his Right to Sue on March 20, 2015. *Id.* On June 19, 2015, Plaintiff filed suit against Defendant alleging racial discrimination under Title VII of the Civil Rights Act of 1964, bad

faith breach of contract and detrimental reliance. [doc. # 1-2, p. 5-7]. Defendant removed this matter to federal court on the basis of federal question, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367.[1] [doc. # 1].

On July 15, 2015, Defendant filed the instant Motion for Partial Dismissal for failure to state a claim upon which relief can be granted on Plaintiff's state law claims. FED. R. CIV. P. 12(b)(6); [doc. # 6]. Plaintiff filed its opposition on August 21, 2015. [doc. # 11]. Defendant filed its reply on August 31, 2015. On September 10, 2015, Plaintiff filed a sur-reply memorandum in opposition. [doc. # 17]. Thus, the matter is ripe.

## Discussion

### I. 12(b)(6) Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal*, 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a

---

[1] A district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's Title VII and state law claims are intertwined and, thus, form part of the same case or controversy for purposes of supplemental jurisdiction.

3

reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 555-56. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153-54 (5th Cir. 2010). A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,* 550 U.S. at 556. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl.*, 550 U.S. at 555). The complaint need not even "correctly specify the legal theory" giving rise to the claim for relief. *Gilbert*, 295 Fed. Appx. 713.[2] Even if a plaintiff fails to oppose a 12(b)(6) motion, the court still is obliged to assess the

---

[2] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

legal sufficiency of the complaint. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (citations omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citation omitted). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citations and internal quotation marks omitted).

**II.     Analysis**

M. L. Smith essentially sets forth two grounds in support of its motion for partial dismissal of Ivory's state law claims: 1) as an at-will employee, Plaintiff cannot recover for breach of contract based on Defendant's alleged failure to provide continued employment; and 2) it was not reasonable for Plaintiff to rely on a promise of full-time employment when the at-will employment relationship could be terminated at any time.

**A. Breach of Promise of Full-Time Employment**
   a). Breach of Contract

Ivory seeks recovery against M. L. Smith for breach of contract, which, in Louisiana, requires proof of three elements: "(1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform the obligation (the breach); and (3) that the failure to perform resulted in damages to the obligee." *Walker v. Pelican Pub. Co., Inc.*, 2011 WL 2976271 (E.D. La. July 22, 2011) (citation omitted). There are two types of employment contracts under

Louisiana law: a definite term contract and a terminable at-will contract.[3] "A contract of unspecified duration may be terminated at the will of either party by giving notice, reasonable in time and form, to the other party." LA. CIV. CODE art. 2024. When employment is at-will, employers may terminate employees for any reason at any time as long as it is not an illegal reason such as race discrimination. *Quebedeaux v. Dow Chemical Company*, 820 So. 2d 542, 545 (La. 2002). In Louisiana, LA. REV. STAT. 23:332 prohibits intentional discrimination in terms or conditions of employment based on race, color, creed, religion, sex or national origin.

Both parties agree that the employment relationship between them was an at-will employment relationship for no specified duration. Nevertheless, Ivory contends that he is not bringing his breach of contract claim on the basis of his termination, but rather on a breach of the promise for full-time employment. Ivory alleges that he was promised by M. L. Smith to be hired as a full-time employee, but was then employed merely on an as needed basis. The Defendant argues that the Plaintiff is essentially seeking to add a durational element to the employment relationship which is governed by Louisiana at-will employment doctrine. The undersigned agrees.

The duration and continued employment of an at-will employee is generally at the discretion of the employer.[4] An at-will employment relationship is essentially terminated when

---

[3] *E.g., Robinson v. Healthworks Int'l, L.L.C.*, 837 So. 2d 714, 721(La. Ct. App. 2 Cir. 2003).

[4] *Robinson*, 837 So. 2d at 721. ("Absent a specific contract or agreement establishing a fixed term of employment, an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge."); *Newsom v. Global Data Sys., Inc.*, 107 So. 3d 781, 785 (La. Ct. App. 3 Cir. 2012) ("Unless an employment contract is for a definite period of time, there is no enforceable action for damages for dismissal under state law, as the contract

an employer fails to call the employee for more work. Here, there was no express duration of employment agreed upon, and it is undisputed that Ivory was an at-will employee. Thus, even if the court were to accept the Plaintiff's argument distinguishing his claim as one for breach of a promise for full time employment instead of a claim for termination from employment, the fact that he was an at-will employee means that he has no breach of contract claim for employment. Defendant could have terminated Plaintiff's employment after one day, or even less than one day, much less a week, and he still would not have had a claim under a breach of contract theory.

        b). Breach of Covenant of Good Faith

Ivory also alleges that M. L. Smith breached the implied duty of good faith and fair dealing. Under Louisiana law, "[c]ontracts must be performed in good faith." LA. CIV.CODE art. 1983; *Brill v. Catfish Shaks of America*, 727 F. Supp. 1035, 1039 (E.D. La. 1989) ("As a general rule, there is an implied covenant of good faith and fair dealing in every contract."); *Bloom's Incorporated v. Performance Fuels, LLC*, 16 So. 3d 476, 480 (La. Ct. App. 2009) ("[A] party to a contract has an implied obligation to put forth a good faith effort to fulfill the conditions of the contract."). To state a cause of action for breach of the duty of good faith and fair dealing, the plaintiff must allege both a breach of some contractual obligation and that the breaching party acted out of "fraud, ill will, or sinister motivation." *Commercial Nat'l Bank v. Audobon Meadow Partnership*, 566 So. 2d 1136, 1139 (La. Ct. App. 1990). While plaintiff does allege ill will or a sinister motivation in the form of racial animus, and while those allegations support his claims for relief under state and federal discrimination laws, he does not allege a viable claim for breach

---

can be terminated at the will of either employee or employer.").

of any contractual obligation.

Accordingly, Defendant's motion to dismiss as to this claim should be **GRANTED.**

**B. Detrimental Reliance**

Under Louisiana law,"[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." LA. CIV. CODE art. 1967. To prevail on a claim for detrimental reliance, plaintiff must prove the following by a preponderance of the evidence: "(1) a representation by conduct or word; (2) made in such a manner that the promisor should have expected the promisee to rely upon it; (3) justifiable reliance by the promisee; and (4) a change in position to the promisee's detriment because of the reliance." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007); *Suire v. Lafayette City–Parish Consol. Gov't*, 907 So. 2d 37, 59 (La. 2005). Detrimental reliance claims are not favored in Louisiana; therefore, they must be examined strictly and carefully. *Id*.

Here, Ivory alleges that M. L. Smith promised him full-time employment. M. L. Smith claims that Ivory cannot maintain a claim for detrimental reliance, because reliance on a promise for full-time employment in the context of an at-will employment relationship is unreasonable *per se* under Louisiana law. Ivory contends that his reliance did not stem from promises regarding the duration of his employment with M. L. Smith, but rather from promises regarding the "magnitude and consistency" of Ivory's employment. [doc. # 11, p. 7]. The undersigned finds this to be a distinction without a difference.

As a matter of law, Louisiana courts have held that reliance on continued employment by

at-will employees is patently unreasonable, citing LA. CIV. CODE art. 2747.[5] *May v. Harris Mgmt. Corp.*, 928 So. 2d 140, 148 (La. Ct. App. 2005) ("[I]t is unreasonable as a matter of law to rely on an offer of at-will employment, just as it is patently unreasonable to rely on the permanency of at-will employment once it begins."); *see Onovwerosuoke v. Dillard Univ.*, 2009 WL 8684635 (La. Ct. App. Jan. 14, 2009). Plaintiff cites *Baines v. Young Men's Christian Ass'n of Greater New Orleans*,[6] holding that LA. CIV. CODE art. 2747 does not act as an absolute bar for recovery by an at-will employee. However, *Baines* does not stand for the proposition that Louisiana law would offer relief for an at-will employee seeking recovery under a detrimental reliance theory.[7]

It was not reasonable for the Plaintiff to rely on any duration of an at-will employment in light of the fact that the relationship could have been terminated at any time. LA. CIV. CODE art. 2747. Plaintiff's allegations simply do not establish a cause of action based upon the three required elements of detrimental reliance. *See Allbritton v. Lincoln Health Sys., Inc.*, 51 So. 3d 91, 96 (La. App. 2 Cir. 2010). Accordingly, Defendant's motion to dismiss Plaintiff's detrimental reliance claim should also be **GRANTED**.

## Conclusion

For the reasons set forth above,

---

[5] LA. CIV. CODE art. 2747 ("A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.").

[6] 969 So. 2d 646 (La. App. 4th Cir. 2007), *writ denied*, 973 So. 2d (La. 2008).

[7] *Baines*, 969 So. 2d at 649 (The Court noted that "even though plaintiff specifically pleads detrimental reliance as her theory of recovery, we may analyze the facts pled under other legal theories to see if she is entitled to recovery.").

**IT IS RECOMMENDED** that the motion for partial dismissal for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6) [doc. # 6], filed by Defendant M. L. Smith, Jr., L.L.C. be **GRANTED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 14th day of October 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE